THOMAS, Justice.
The claimant was a 41-year old police officer who suffered a thrombosis of the right internal carotid artery late in the evening of a day during which he had participated to some degree in a search for a prisoner who had escaped from a road gang. The day was spent in normal routine until four in the afternoon when he was instructed to organize a search for the prisoner in an area approximately a half-mile wide and four and a half miles long covered with a thick undergrowth of palmetto, sea grapes and vines from three to six feet in height.
The salient facts have been gathered .from the account of claimant’s activities from the time the search got underway until the heart attack about five hours later. For the first hour he was intermittently in his car and in the woods, meanwhile conducting the search from the radio in his car. For the next half hour he was conversing with the chief of police in a restaurant where he drank a cup of coffee. He resumed the hunt for 30 minutes, then went to the police station for 30 minutes, and then to his home for an equal period where he changed his clothes which were wet from perspiration and the moisture on the underbrush from a rain shower in the afternoon. From seven-thirty until nine in the evening he patrolled in his car. There followed a short cheerful conversation with other officers one of whom brought him two hamburgers and a cup of coffee. After eating one of the sandwiches and drinking the coffee, he collapsed and vomited. During the afternoon the temperature had been 75° Fahrenheit and the humidity 91%. There seems to be no dispute of these facts. The only question is whether or not they define such an ttnexpected event or result as justified compensation.
Although a police officer, the claimant had not before engaged in activity of this kind. While occupied in the search he had proceeded at a walking pace and had moved as quietly as possible, and the whole period he was actually searching on foot did not exceed one and a half hours.
All doctors who testified agreed that the claimant suffered the thrombosis we have mentioned and that he had a pre-existing arteriosclerotic condition.
Although two physicians held the view that the claimant would have had the attack *27 no matter what he was doing at the time, the other doctors, whom the deputy chose to believe, thought it was the result of dehydration, strain, over-exertion, physical exertion, emotional stress or a combination of these factors.
The deputy concluded that claimant’s attack was an “accident” as defined in Sec. 440.02(19) and awarded compensation. The petitioners sought a review and urged 17 grounds for reversal. The Full Commission unanimously agreed that the deputy’s order was supported by competent, substantial evidence according with logic and reason and affirmed.
The deputy, so it appears, confused the “exposure” and the “heart” cases which we recognized in Victor Wine and Liquor, Inc. et al. v. Beasley et al., Fla., 141 So.2d 581. This is obvious from paragraph 6 of his final order where he announced that the thrombosis resulted from circumstances constituting an “exposure” to danger in excess of that to which the claimant was customarily exposed and materially in excess of that to which people in the community were commonly “exposed,” that the excessive exposure precipitated the injury and •constituted an accident which warranted ■compensation. He was, however, dealing with a condition that called for a determination whether or not the claimant had been subjected to “unusual strain or over-exertion not routine to the type of work he was •accustomed to performing.”
We pause to comment that although the parties by their counsel agree that there is no dispute about the salient facts, save the medical aspect, established by all witnesses a record of nearly 700 pages has been lodged in this court. It seems to us that this situation indicates that the hearing was unduly protracted at considerable expenditure of time and money.
We are not inclined to disturb the conclusions of the deputy and the Full Commission with reference to compensability even though an improper theory was applied in reaching the conclusion for we think the ultimate result, namely, propriety of compensation, was justified. But affirmance by us of this main element does not dispose of the allied factor concerning the apportionment of the award inasmuch as it was shown that the claimant had a pre-existing arteriosclerosis. It is only the injury from the aggravation which is chargeable to the petitioners.
We hasten to add that the case which we use as a guide to this determination, Victor Wine and Liquor et al. v. Beasley et al., supra, and to the order which will be required disposing entirely of the matter here was decided in an opinion filed by this court 4 April 1962, and that the opinion was not available to the deputy commissioner or the Full Commission when their respective orders were entered.
Those parts of the orders awarding and approving compensation are confirmed, but the cause is remanded to the Full Commission with directions to require the deputy to apportion the award so that the petitioners will be accountable only for the acceleration of the pre-existing condition.
ROBERTS, C. J., and TERRELL, DREW and THORNAL, JJ., concur.
O’CONNELL and CALDWELL, JJ., dissent.