ON REHEARING GRANTED
ROBERTS, Justice.
Donald Peltier suffered a heart attack at about two o’clock in the afternoon on November 12, 1963, while in the employment of the co-respondent, H. H. Barbour, as a truck-driver and business manager. Part of the duties included delivering and repossessing tool sheds and cots.
On the day claimant suffered the heart attack, he was engaged in loading a tool shed on a trailer. An unemployed friend *570 accompanied him to the place and testified at the hearing that it was a clear hot day and that claimant had difficulty in loading the shed inasmuch as “[T]he building was bogged down a little bit in the back in some sand and the winch wasn’t pulling it onto the trailer the way it normally would.” Claimant testified it was “an exceptionally hot day — the sun was real hot,” and that the shed was sitting in sand and “the runners were even buried.” His friend testified he saw the claimant suddenly throw his arm across his chest and fall to his knees saying that he had a terrible pain. The witness helped him up and after a brief rest claimant finished the loading but was admitted to the hospital the second day thereafter with a diagnosis of a severe heart attack. The employer, Barbour, in testifying as to duties of petitioner, stated, “All you do is back the truck up to the trailer and put the rollers under the skids and winch it up. A child six years of age could do it.” Evidently this was an exaggerated conclusion as these tool sheds weigh some 1100 pounds. At any rate, the exertions described by claimant and the witness show that much more was involved on the day of the injury.
The primary question to be resolved in this Workmen’s Compensation case is whether the Full Commission erred in reversing the award entered by the deputy, opining that there is in the record no competent substantial evidence to sustain the deputy commissioner’s findings of fact in regard to unusual strain present on November 12, 1963, when claimant suffered the myocardial infarction.
The deputy found that, “Upon a consideration of all the evidence * * * the employee, Donald Peltier, was employed by H. H. Barbour, d/b/a Barbour Enterprises on November 12, 1963, and suffered an injury resulting from an accident while in the course of and arising out of said employment.”
The decision of the Full Commission was divided, two holding there was no competent evidence to sustain the findings of fact in regard to unusual exertion, and a contrary view held by one member. A majority of the Commission felt that the testimony in the record did not show unusual strain or overexertion uncommon to the type of work claimant was accustomed to encounter, and that the deputy gave no reason for rejecting the testimony of one physician and accepting the testimony of another as he should have. On the other points on review regarding the liability of respondent-carrier and the date of maximum medical improvement they agreed with the deputy commissioner but stated that had the injury been compensable the deputy should have apportioned the award inasmuch as there was competent evidence that claimant suffered from pre-existing arteriosclerosis. The dissenting member of the Commission stated, “It is true that the claimant was accustomed to delivering and picking up these sheds at various construction sites, and the testimony elicited at the hearing from claimant and others, shows that this part of the claimant’s duties would be considered relatively light. However, the testimony further shows that on the day the heart attack occurred, the construction site was extremely sandy and there was difficulty in even backing the truck into position to make a pick up. There were continual adjustments to be made in order to keep a strain on the winch line and the shed was buried in heavy sand and debris. Both the claimant and his passenger testified that this was a difficult ‘pick-up’. Claimant had to use a two-by-four board to pry loose the shed and had to run back and forth between the shed and crank in an attempt to get the shed onto the trailer. It was an exceptionally hot day and the passenger who had seen many other pick-ups testified that the work effort expended was unusual”, and further, "[I]t is my opinion that there was competent substantial evidence which accords with logic and reason to support the deputy’s finding of a causal relationship between the heart attack and the claimant’s employment and there was *571 an unusual physical exertion beyond that normally required of the claimant on the day in question. However, I do agree with my colleagues that the issue of apportionment was raised and the deputy commissioner should make a finding in this regard and a subsequent apportionment.”
After a careful review of the record, we are convinced that the majority view was error. As previously stated, whether we, or the Full Commission, would have believed the testimony of the claimant and his companion regarding unusual strain not routine to his type of work, or whether we, or the Full Commission, would have believed the two doctors, is not determinative of the issues here. The question is whether there is competent substantial evidence to support the findings of the deputy. Under the Act, as amended, the deputy commissioner is charged with the duty of holding a hearing and making findings of fact and his findings are entitled to great weight and will not be reversed unless there is no competent evidence according with logic and reason to support his order. Scott v. Kerr (Fla.1963) 156 So.2d 847; Wilkes v. Oscar’s Transfer & Storage (Fla.1964), 164 So.2d 810; Hastings v. City of Fort Lauderdale Fire Dept. (Fla.1965), 178 So.2d 106.
The decision and order of the Full Commission under review here is quashed with directions that the compensation order entered by the deputy be reinstated except that the deputy should make a proper determination as to what percentage of the award should be apportioned to the preexisting condition. Victor Wine & Liquor, Inc. v. Beasley (Fla.1961), 141 So.2d 581.
It is so ordered.
THORNAL, C. J, and DREW and ERVIN, JJ., concur.
THOMAS, O’CONNELL and CALDWELL, JJ., dissent.