DREW, Justice.
The petition for writ of certiorari in this case controverts an order of the commission affirming an award for death benefits under F.S.Sec. 440.16, F.S.A. The deputy found that the employee’s death resulted from a heart attack suffered while he was subject to unusual physical and mental stress in his work as foreman on a multiple story construction project.
The question of whether the employee was at the time of his heart attack “subject to unusual strain or overexertion not routine to the type of work he was accustomed to performing”[1] is admittedly a close one. Nevertheless, the deputy, the fact finder, after hearing all of the evidence, concluded that the heart attack was compensable under the ruling of this Court in the Victor Wine case.[3] The findings of the deputy, in our opinion, are supported by competent, substantial medical evidence establishing the causal relationship between the heart attack and the activities being performed at the time of the attack and by other evidence establishing that the claimant was in fact engaged in duties *724 which subjected him to unusual strain or overexertion which was not routine to the type of work he was accustomed to performing. The full commission by its af-firmance of the deputy’s award concluded that such award was supported by substantial, competent evidence in the record.
No question of law is involved here and for us now to assert that the deputy and the full commission erred in the entry of the compensation order would be merely substituting our view of the evidence for that of the deputy commissioner, as well as finding that the full commission was in error in its conclusion that the award was authorized u'nder the compensation act and the decisions of this Court.
As in most of these heart cases the solution of the problem is not an easy one, but we feel that the deputy commissioner is in the best position to reach a conclusion on the factual issue. When such conclusions of the deputy are approved by the full commission, the petitioner here necessarily carries a heavy burden. We conclude that the award upon this record was correct under the law and decisions of this Court.[3]
The writ is accordingly denied.
THORNAL, C. J., and ROBERTS and ERVIN, JJ., concur.
CALDWELL, J., dissents with Opinion.
THOMAS, J., and GRAESSLE, Circuit Judge, dissent and concur with CALDWELL, J.

. Victor Wine & liquor, Inc. v. Beasley, Fla.1962, 141 So.2d 581. 2. Ibid.

. Barlow v. Harbor Island Spa, 4 FCR 253 (1960); Harbor Island Spa v. Barlow, Fla.1962, 139 So.2d 879; City of Boca Raton v. Sellers, Fla.1962, 148 So.2d 25; Jones v. Security Guards and Patrol Service, Inc., Dec. No. 2-1382 (1964) cert. den. Security Guards & Patrol Service, Inc. v. Jones, Fla.1964, 170 So.2d 40; Wilkes v. Oscar Transfer & Storage, Fla.1964, 164 So.2d 810; Yates v. Gabrio Electric Co., Fla.1964, 167 So.2d 565.