BOYD, Justice.
This ca.use is before us on petition for writ of certiorari to review the Order of the Full Commission reversing the Judge of Industrial Claims and dismissing the claim.
Claimant, a 54-year-old heavy equipment operator, suffered a heart attack on February 20, 1967. On that day he had been grading the side of the road for approximately an hour after lunch when his “Hubert grader” ran into what proved to be a concrete spillway overgrown with grass and weeds. Claimant got a shovel and began digging and chopping weeds away in order to see what he would have to do to complete the job. A square-edged shovel and a broom were carried on the grader for occasional use in removing loose dirt thrown on a driveway or sidewalk. After about five or ten minutes of digging in the pit rock surface, claimant felt a pain in his chest. He stopped, rested and then began to dig again. The pains got stronger and he had a temporary blackout. Help was called and claimant was taken to the emergency room of the hospital where acute severe myocardial infarction was diagnosed.
The Judge of Industrial Claims found that the heart attack was causally related to claimant’s employment and that the activity preceding the attack constituted unusual exertion. He awarded claimant 70% permanent partial disability of the body as a whole.
The Full Commission reversed and dismissed the claim on the grounds that the opinions of the expert witnesses as to the causal relationship between claimant’s employment and his heart attack were based on facts and inferences which are not supported in the evidence. The Full Commission also stated that chopping weeds with a *909 shovel for five or ten minutes could not be classified as unusual strain or exertion which is not routine to the type of work customarily performed by a “bulldozer operator.” The claimant testified without contradiction that he rarely used the shovel carried on the grader, that by “rarely” he meant:
“It only happens maybe once a year. Generally, like I said when I built the 79th Street Parkway, the laborer I had then was assigned to me two years straight every day. After the labor shortage when they wouldn’t assign me a laborer, they would assign me a truck driver * *
In another place, claimant testified:
“I very rarely use the shovel. In fact I generally have assigned to me a laborer or a truck driver who takes care of the shoveling or broom work and put signs on the road for the safety of us.”
Dr. Bernard Halperin, an internist, testified that the heart attack was causally related to the digging episode. Dr. Halper-in’s testimony was based on a substantially correct history of the events preceding the attack. He testified claimant told him that he did not ordinarily do heavy digging and that immediately before the heart attack claimant “had a square shovel and he was digging into the embankment to see what was in the embankment that stopped the machine. It was like dirt, rock, grass and coral. * * * He was digging away an embankment into a ridge.”
The Full Commission discredited Dr. Halperin’s testimony on the ground that the Doctor believed claimant was digging an embankment into a ridge. An examination of the Doctor’s entire statement, set out in part above, shows he sufficiently understood the extent and nature of claimant’s exertion.
Medical evidence from other doctors relating the heart attack to claimant’s work-connected activities were based in part on misunderstanding of the history related by claimant.
We have examined the record and briefs and heard argument of the parties. There is competent substantial evidence supporting the deputy’s award under the law as announced in Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581 (Fla.1962).
Accordingly, the petition for certiorari is granted, the Order of the Full Commission is quashed and the cause remanded with directions to reinstate the Order of the deputy.
Petition for attorney’s fees is granted in the amount of $350.
It is so ordered.
ERVIN, C. J., and ROBERTS, DREW and ADKINS, JJ., concur.