234 So.2d 641 (1970)
Roselyn TRACY, Petitioner,
v.
AMERICANA HOTEL, Liberty Mutual Insurance Company, and the Florida Industrial Commission, Respondents.
No. 38862.
Supreme Court of Florida.
April 8, 1970.
Rehearing Denied May 27, 1970.
L. Barry Keyfetz, of Ser, Greenspahn & Keyfetz, Miami, for petitioner.
Edwin H. Underwood, Jr., of Wakefield & Underwood, Miami, Patrick H. Mears and J. Franklin Garner, Tallahassee, for respondents.
ADKINS, Justice.
By petition for writ of certiorari, we have for review an order of the Florida Industrial Commission (now known as Industrial Relations Commission) dated June 19, 1969, reversing an order of the Judge of Industrial Claims.
Claimant is a sixty-year-old chambermaid, who was employed by Americana Hotel and *642 was responsible for eleven or twelve large rooms. On July 6, 1966, she commenced her work at 8:00 a.m., performing her normal duties without incident until approximately 2:30 p.m. At this time, Mrs. Tracy discovered that a co-employee had stripped her work cart and removed the towels and linen, which claimant had intended to use at that time.
This incident irritated claimant, as she was attempting to finish her daily work assignment by her normal quitting time of 3:40 p.m.
After obtaining new linen and while still in an emotionally agitated state, claimant "snapped" a sheet across the width of a bed she was in the process of making. The sheet was "snapped" so that it would hit the other side of the mattress. Suddenly, and without warning, claimant experienced a wave of weakness throughout her body and a feeling that her "head was going to blow off." She fell to the floor and remained there until taken by ambulance to the hospital. Claimant had sustained a ruptured aneurysm as a result of a significant rise in her blood pressure.
The Judge of Industrial Claims found claimant sustained a compensable injury when, directly related to her work, her blood pressure was caused to significantly rise suddenly resulting in a ruptured aneurysm and consequent brain damage. On appeal to the Full Commission, the employer contended there was no competent substantial evidence supporting the finding of an "accident" as is contemplated by the workmen's compensation law, there being a complete dearth of any of the usual traumatic evidence such as slipping, falling, or receiving a direct blow or strain. The Full Commission reversed the finding of the Judge of Industrial Claims and held claimant did not sustain a compensable accident.
In Williams v. Terrazzo Associates, 224 So.2d 257 (Fla. 1969), this Court said:
"Under our holding in Gray v. Employers Mutual Liability Insurance Co. (Fla. 1953), 64 So.2d 650, and the 1953 amendment to Section 440.02(1) incorporating the holding in Gray, it is incumbent on a claimant, in order to receive compensation, to show only that he sustained injury as an unexpected result flowing from the performance of his employment activities."
Based upon the testimony of Dr. Christian Keedy and Dr. O. Whitmore Burtner, the Judge of Industrial Claims found that the precipitating factor causing the rupture was the claimant's anger upon finding her linen missing from her work cart and that such anger, in concert with her physical act of throwing a sheet across a bed, exacerbated her pre-existing hypertensive condition to the point that the rupture occurred. Claimant sustained her injury as an unexpected result flowing from the performance of her employment activity.
The findings of the Judge of Industrial Claims are supported by competent substantial evidence and they accord with reason. The Full Commission substituted its view of the evidence for that of the Judge and its order must be reversed. Painter v. Board of Public Instruction of Dade County, 223 So.2d 33 (Fla. 1969).
The evidence shows that claimant had a prior history of hypertension for which she had been treated by her personal physician. The Judge of Industrial Claims found that "such hypertension contributed to the formation of the left common carotid arterial aneurysm." The Judge then apportioned the permanent disability arising out of the accident in equal measure with the pre-existing hypertensive disease of the plaintiff. Claimant contends that the Judge erred in apportioning the award.
This question has not been considered by the Full Commission, as the only issue considered in the order reversing the Judge of Industrial Claims was whether or not the incident was an accident under the workmen's compensation law. In order to bring judicial labor to an end and expedite *643 the payment of compensation, we will consider the propriety of the apportionment.
Section 440.02(19), Fla. Stat., F.S.A., contains the following provision:
"Where a pre-existing disease or anomaly is accelerated or aggravated by accident arising out of and in the course of employment, only acceleration of death or the acceleration or aggravation of disability reasonably attributable to the accident shall be compensable with respect to permanent disability or death."
This Court in Evans v. Florida Industrial Commission, 196 So.2d 748 (Fla. 1967), construed this provision as follows:
"After thorough study of the statute and all prior cases turning on its application, we are now convinced that the subject provision requires that there be apportioned out of an award in such a case only that portion of the disability which resulted from the normal progress of the pre-existing disease as of the time the award is made. Conversely, it requires that all the resulting disability that is not attributable to the normal progress of a pre-existing disease should be compensated."
"* * *
"[I]n cases in which a pre-existing disease is aggravated by industrial injury, the resulting disability, determined as of the time of the award, is to be considered as falling into three categories: (1) that which resulted directly and solely from the accident and which would have occurred even in the absence of the pre-existing disease; (2) that which resulted from the acceleration or aggravation of the pre-existing disease by the accident; and (3) that which resulted from the normal progress of the disease and would have existed had the accident never occurred. Disability falling within the first two categories is compensable under the terms of the statute. It is the purpose of Sec. 440.02(19) to relieve the employer of disability within the third category by apportioning it out of an award. We so hold."
"* * *
"The effect of this opinion is simply to hold that apportionment under Sec. 440.02 (19) is proper only when and to the extent that a pre-existing disease produces disability independently of the accelerating or aggravating effect of an industrial accident. In the future, in determining whether and to what extent apportionment should be made it will be necessary to determine the degree or extent of disability falling within the three categories stated earlier herein and to apportion out of an award only that portion of the disability attributable in fact to the normal progress of the pre-existing disease which would have occurred had the aggravating accident never occurred."
The trial judge's finding of apportionment in the case sub judice is incorrect, since under the Evans case, apportionment only applies where the pre-existing disease is shown to produce disability manifested at time of accident or where due to normal progress, independent of the accident, such disease is shown to produce disability at time of the award. There is no substantial evidence in this case that claimant's hypertensive disease was subject to percentage apportionment as a disabling element.
The order of the Full Commission is quashed. The case is remanded to the Full Commission for further proceedings not inconsistent with the decision herein.
The petition for attorney's fees filed by petitioner, Roselyn Tracy, is granted in the amount of $350.00.
ERVIN, C.J., and CARLTON and BOYD, JJ., concur.
ROBERTS, J., dissents.