362 So.2d 1340 (1978)
RICHARD E. MOSCA & CO., INC., et al., Petitioners,
v.
Richard E. MOSCA et al., Respondents.
No. 52132.
Supreme Court of Florida.
September 21, 1978.
*1341 Eugene N. Betts, Fort Lauderdale, for petitioners.
Charles M. Pasco, Hollywood, for respondents.
ALDERMAN, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the Industrial Relations Commission which affirms an order of the Judge of Industrial Claims awarding compensation for a ruptured cerebral aneurysm sustained by the claimant, Richard Mosca. In deciding this case, we must determine whether Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581 (Fla. 1962), which heretofore has been applied only in cases involving heart attacks, should be extended to other internal failures of the cardiovascular system. We conclude that it should, and applying the doctrine of Victor Wine to the facts of this case, we hold that claimant's ruptured cerebral aneurysm was not a compensable injury.[1]
Claimant is a forty-three-year-old man who, prior to the ruptured aneurysm, was in good health, with a history of medically controlled hypertension. He was employed as president of Richard E. Mosca & Co., Inc. Because of a decline in the activity of the construction industry, his company suffered financial setbacks. Since October of 1974, he had been under a great deal of stress and strain and had been working long hours. Because of the decline in business, he was forced to lay off his secretary, move his business into his home, use his wife as a secretary and reduce the salaries of the personnel of the company, including his own.
In an all-out effort to increase generator sales which were not dependent on the construction industry, claimant arranged a meeting to be held October 2, 1975, with a potentially large user of such a generator. Because of the importance of the sale, which could have made his company financially sound, claimant accompanied his sales manager to the meeting with the prospective buyer. He was extremely anxious and nervous. At the beginning of the meeting, the prospective buyer chastized him for having improperly delivered a previous shipment of another product and threatened that, if this happened again, he could forget any further business from the buyer's company. The meeting produced a tense atmosphere. Just as the buyer appeared ready to sign a purchase order and while the claimant was holding up a sample book and describing the types of generators available, the claimant suffered a rupture of a congenital cerebral aneurysm.
The physicians testifying on behalf of the claimant said that the rupture could have occurred at some other time but the tension *1342 and pressure wrought by claimant's business problems, combined with the emotional stress and strain of the October 2nd meeting, caused an elevation of claimant's blood pressure which resulted in the rupture of the aneurysm. The physician who testified for the employer agreed that the rupture of the aneurysm could have occurred at any time, but he testified that there was no causal relationship between the sales meeting and the ruptured aneurysm.
The Judge of Industrial Claims found the rupture to be an accident arising out of and in the course of employment, concluded that it was a compensable injury, and awarded benefits. In his order, however, the Judge made no finding that the claimant was subject to an unusual strain or overexertion resulting from a specifically identified effort not routine to the type of work he was accustomed to performing at the time he suffered the rupture. In fact, after the claimant rested his case, the judge remarked that there was no evidence that there was any unusual strain or overexertion outside the usual course of a salesman's business.
The employer contends that a congenital weakness in an artery which suddenly bursts is synonymous with heart cases and that such an internal failure of the cardiovascular system should not be compensable unless the claimant is subjected to an unusual strain or overexertion, resulting from a specifically identifiable effort not routine to the type of work the claimant is accustomed to performing, which causes the internal failure. The employer alleges that the claimant has not met the Victor Wine test. The claimant, on the other hand, maintains that a ruptured aneurysm should not be treated the same as a heart attack. He argues that any failure of the cardiovascular system, other than the heart, should be treated as any other internal failure, such as a strained muscle, ruptured disc, "snapped" knee-cap and the like.
We conclude that the same rationale for requiring a stricter rule in heart cases is also applicable to other internal failures of the cardiovascular system. This means that, before a ruptured aneurysm can qualify as an accident arising out of employment, the rupture must be shown to have been caused by an unusual strain or overexertion by the claimant resulting from a specifically identifiable effort by him not routine to the type of work he is accustomed to performing.[2]
Since we would not disturb the award of compensation if it were correct, even though an improper theory was utilized, we will consider whether the activity in which the claimant was engaged at the time of the rupture meets the Victor Wine test.
We have had a number of "heart" cases in which we determined what was or what was not an unusual and non-routine strain or exertion within the definition of Victor Wine. These decisions have involved either physical strain or exertion alone or physical strain or exertion in concert with emotional strain, but in no case have we held emotional strain alone to be sufficient. Emotional strain is too elusive a factor to be utilized, independent of any physical activity, in determining whether there is a causal connection between a heart attack or other internal failure of the cardiovascular system and the claimant's employment.
For example, the claimant in Wilkes v. Oscar's Transfer & Storage, 164 So.2d 810 (Fla. 1964), sustained a myocardial infarction after carrying materials weighing fifty to seventy-five pounds up four flights of stairs. We held the accident to be compensable because the labor involved on the day claimant experienced his first severe pain was not routine since he always made his deliveries to the first floor of buildings and the building in which he sustained the accident was the only building to which he made delivery in which there were stairs.
In Yates v. Gabrio Electric Co., 167 So.2d 565 (Fla. 1964), the claimant was an electrician *1343 and handyman who devoted ninety percent of his working time to his duties as an electrician. After having lifted several concrete blocks weighing between 100 and 125 pounds onto a pick-up truck, he suffered a myocardial infarction which the deputy commissioner found to be compensable since the heavy lifting and loading was not routine to the type of work claimant was accustomed to performing. Therein, we declared that, in ascertaining whether a particular activity is not routine, a court must look to the duty performed by the employee himself rather than by his fellow workers, and we found that the deputy's order awarding death benefits was within the Victor Wine rule.
In G & L Motor Corp. v. Taylor, 182 So.2d 609 (Fla. 1966), the claimant, a sixty-six-year-old accountant who was not required to do any heavy work or manual labor in the course of his employment, ran out of gas while delivering a car for his employer and was forced to push the car off the highway which was heavily trafficked. While pushing the car off the road, he suffered a myocardial infarction. The pushing of the car was found by the deputy commissioner to be an unusual strain, uncommon and not routine to claimant's employment. We held that the deputy's finding in this regard was supported by competent substantial evidence.
Although the claimant in Peltier v. Barbour, 190 So.2d 569 (Fla. 1966), was accustomed to picking up tool sheds at various construction sites, on the day he sustained a heart attack, he was loading onto a trailer a tool shed bogged down in sand. The deputy found that the work effort in picking up the shed was unusual. We held that there was competent substantial evidence to support the finding of the deputy that this physical exertion was beyond that normally required of the claimant.
Simmons v. Stanley, 197 So.2d 514 (Fla. 1967), involved a claimant who worked in groceries all his adult life and who, during the unloading and stacking of 175 cases of canned fruit, each weighing fifty pounds, over a two-day period, suffered a myocardial infarction. We held that there was insufficient evidence to support a causal relationship with employment since the evidence showed that it was not unusual for claimant to stack as many as 100 to 125 cases in a day.
A heart attack suffered by the bus driver claimant while experiencing trouble shifting the gears of a bus was held not to be compensable in Fort Lauderdale Transit Lines v. Bass, 206 So.2d 390 (Fla. 1968). Although claimant usually operated buses with automatic transmissions, he had, in the past, operated buses with manual transmissions. We held that the activity in which claimant was engaged at the time of the incident was usual and the alleged overexertion was routine to his type of work.
The claimant in Warman v. Metropolitan Dade County, 228 So.2d 908 (Fla. 1969), a heavy equipment operator, suffered a heart attack after digging in an embankment around his grader. While grading the road, he ran into a concrete spillway overgrown with grass. He got a shovel and commenced to dig and chop away the weeds. The evidence showed that he rarely used the shovel; normally, he had either a laborer or truck driver assigned to him to take care of shoveling or broom work. We held that there was competent substantial evidence to support the compensation award under the law announced in Victor Wine.
The act of a driver of a concrete mixer truck in throwing aside a mortar-covered plank weighing fifty to seventy pounds to clear the way for unloading concrete was determined by the Judge of Industrial Claims to be unusual strain or overexertion not routine for his work. The judge found a causal relationship between this act and the heart attack sustained by claimant. Clayton v. Lease-Way Transportation Corp., 236 So.2d 765 (Fla. 1970). Pointing out that neither this Court nor the Industrial Relations Commission may overturn the Judge of Industrial Claims' findings unless there is no competent substantial evidence to support them and that neither is justified in superimposing its interpretation of the facts in lieu of an equally valid one by the *1344 Judge of Industrial Claims, we held that the Judge of Industrial Claims' order should have been affirmed.
Although the foregoing decisions have dealt with physical strain or overexertion, there are decisions which have mentioned unusual emotional strain in conjunction with unusual physical strain as the precipitating cause of a compensable heart attack. In Marhoefer v. Frye, 199 So.2d 723 (Fla. 1967), the deputy commissioner found a heart attack to be compensable because it was suffered while the claimant was subject to unusual physical and mental stress in his work as foreman on a multiple-story construction project. We held that the evidence established a causal relationship between the heart attack and the activities being performed at the time of the attack. In Hastings v. City of Fort Lauderdale Fire Department, 178 So.2d 106 (Fla. 1965), the deceased employee of the Fire Department of the City of Fort Lauderdale sustained a ventricular fibrillation or arrhythmia. The deputy awarded benefits based upon evidence showing a causal relationship between the heart attack and unusual physical effort exerted and mental stress and strain experienced by decedent immediately prior to his attack. We held that the deputy's order was supported by competent substantial evidence. In Hampton v. Owens-Illinois Glass Co., Paper Products Division, 140 So.2d 868 (Fla. 1962), we decided that the evidence sustained the deputy commissioner's finding that unusual emotional and physical exertion beyond the requirements of ordinary employment aggravated an employee's pre-existing heart condition and accelerated his death.
We have also just decided another heart attack case. In Tintera v. Armour & Co., 362 So.2d 1344 (Fla. 1978) (opinion filed September 21, 1978), the stress that caused the claimant's heart attack was caused by a combination of factors consisting of claimant's participation in the regular monthly inventory, heavy traffic and a minor automobile accident on the interstate highway, reprimands from the manager, claimant's divorce, and apprehension that his employer was trying to get rid of him and that he was going to lose his job. The Industrial Relations Commission recognized the stressful nature of these episodes but held that they did not meet the test of Victor Wine. We agreed and denied certiorari.
After reviewing the record in the present case, we conclude that the claimant failed to meet the test of Victor Wine because there is no evidence to show that the ruptured aneurysm was caused by any unusual strain or overexertion by the claimant resulting from a specifically identifiable effort by him not routine to the type of work he was accustomed to performing. Accordingly, we grant the petition for writ of certiorari, quash the order of the Commission and remand the cause with directions to quash the order of the Judge of Industrial Claims and to dismiss the claim.
It is so ordered.
ENGLAND, C.J., and OVERTON, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] In Victor Wine, we adopted the following rule:

When disabling heart attacks are involved and where such heart conditions are precipitated by work-connected exertion affecting a pre-existing non-disabling heart disease, said injuries are compensable only if the employee was at the time subject to unusual strain or overexertion not routine to the type of work he was accustomed to performing.
Thus, if there is competent substantial medical testimony, consistent with logic and reason, that the strain and exertion of a specifically identified effort, over and above the routine of the job, combined with a pre-existing non-disabling heart disease to produce death or disability sooner than it would otherwise have occurred from the normal progression of the disease, the employee has a right to some compensation.
[2] We recede from Tracy v. Americana Hotel, 234 So.2d 641 (Fla. 1970), insofar as it is inconsistent with our present decision.