362 So.2d 1344 (1978)
Henry Robert TINTERA, Petitioner,
v.
ARMOUR & COMPANY et al., Respondents.
No. 52514.
Supreme Court of Florida.
September 21, 1978.
*1345 Ted L. Wells and Howard C. Hadden, Tampa, for petitioner.
Ernest L. Currin and Gwynne A. Young, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for respondents.
ALDERMAN, Justice.
We have for review by petition for writ of certiorari the decision of the Industrial Relations Commission reversing the order of the Judge of Industrial Claims who had found claimant's heart attack to be an injury by accident arising out of, and in the course of, his employment. The Industrial Relations Commission reversed the judge because he had failed to follow the decision of this Court in Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581 (Fla. 1962). We approve the decision of the Industrial Relations Commission and deny certiorari.
Relating to compensability of heart attacks precipitated by strain and exertion, this Court adopted the following rule in Victor Wine:
When disabling heart attacks are involved and where such heart conditions are precipitated by work-connected exertion affecting a pre-existing non-disabling heart disease, said injuries are compensable only if the employee was at the time subject to unusual strain or over-exertion not routine to the type of work he was accustomed to performing.
Thus, if there is competent substantial medical testimony, consistent with logic and reason, that the strain and exertion of a specifically identified effort, over and above the routine of the job, combined with a pre-existing non-disabling heart disease to produce death or disability sooner than it would otherwise have occurred from the normal progression of the disease, the employee has a right to some compensation.
In his finding that the heart attack was compensable, the Judge of Industrial Claims found:
On March 6, 1975, the claimant was employed by the employer at an average weekly wage of $230.50, and on that date sustained a compensable injury by accident arising out of and in the course of his employment with the employer when he sustained a myocardial infarction resulting from the emotional stresses of his employment. The testimony of the claimant, which I accept as true, shows that he was under severe emotional stress for several weeks immediately prior to March 6, 1975. He was concerned about being laid off from work and had been working exceptionally long hours. He was late to work on March 6, 1975, which further contributed to his anxiety. The testimony of Dr. Matthew L. Carr, his treating physician, shows that these stresses precipitated his myocardial infarction. Therefore the claim is compensable under the Florida Workmen's Compensation Law. See Barlow v. Harbor Island Spa, F.I.C. Dec. No. 4-977 (1960), cert. den. Fla., 139 So.2d 879 (1962).
The Judge of Industrial Claims made no finding that the type of activity or emotional stress precipitating claimant's heart attack constituted unusual strain or overexertion not routine to the type of work he was accustomed to performing.
*1346 Explaining that Barlow has been superceded and overruled by Victor Wine, the Industrial Relations Commission held that the judge's reliance on Barlow was misplaced. Before the Industrial Relations Commission, claimant contended that he had met the "unusual strain or overexertion not routine to the type of work he was accustomed to performing" test by showing that he had been forced to labor in an unfriendly atmosphere created by an employer who was trying to drive him from his job. The employer denied this allegation. The Industrial Relations Commission found, however, that, even accepting claimant's version of the evidence, it did not feel that this was the type of stress contemplated by Victor Wine and stated:

Victor Wine, supra, is premised upon recognition of the fact that a great portion of our work force comes upon the work scene with heart defects that would result in heart attacks in any event. Industry should not be made to compensate the employee for these attacks unless it is shown that an identifiable effort over and above that routine for the job produced a strain and exertion that combined with the pre-existing non-disabling heart disease to produce death or disability sooner than it would otherwise have occurred from the normal progression of the disease. The Judge made no such finding in the instant cause, nor do we find support in the record for such a finding. Taken in the light most favorable to the claimant, the evidence shows that claimant's stress was caused by a combination of the following factors: claimant's participation in the regular monthly inventory, heavy traffic and a minor automobile accident on the Interstate, reprimands from the manager, claimant's divorce, apprehension that his employer was trying to get rid of him and he was going to lose his job. While we recognize the stressful nature of these episodes, they do not meet the test of Victor Wine, supra.

We agree with the decision of the Industrial Relations Commission and, therefore, deny certiorari. Mosca & Co., Inc. v. Mosca, 362 So.2d 1340 (Fla. 1978) filed September 21, 1978; Chicken `n' Things v. Murray, 329 So.2d 302 (Fla. 1976); Mahler v. Lauderdale Lakes Nat'l Bank, 322 So.2d 507 (Fla. 1975); Scholastic Systems, Inc. v. LeLoup, 307 So.2d 166 (Fla. 1974).
It is so ordered.
ENGLAND, C.J., and OVERTON, SUNDBERG and HATCHETT, JJ., concur.