365 So.2d 385 (1978)
RICHARDS DEPARTMENT STORE et al., Petitioners,
v.
Lee DONIN et al., Respondents.
No. 52339.
Supreme Court of Florida.
October 5, 1978.
Rehearing Denied December 8, 1978.
H. George Kagan of Miller & Hodges, Coral Gables, for petitioners.
Israel Abrams, North Miami Beach, for respondents.
Robert H. Gregory, Coral Gables, Ramon Malca of Pyszka, Kessler, Adams & Solomon, Miami, and Steven A. Rissman of Earle, Cooper & Rissman, Orlando, for amici curiae.
ALDERMAN, Justice.
We have for review by petition for writ of certiorari an order of the Industrial Relations *386 Commission affirming the order of the Judge of Industrial Claims finding claimant's heart attack to be the result of unusual stress causally related to employment. We determine that the Industrial Relations Commission misapplied the doctrine of Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581 (Fla. 1962), in determining that claimant's heart attack was compensable and thereby departed from the essential requirements of the law.
Claimant, a forty-five-year-old merchandise buyer, had previously suffered a myocardial infarction in 1971 for which he was hospitalized and out of work for three months. In August of 1974, he was employed by Richards Department Store to set up a housewares department. Shortly, thereafter, he was assigned the responsibility of being the buyer for the housewares, patio furniture, lawn and garden, and budget furniture departments of the store. At this time he had an assistant. Although not a part of his customary duties, in November, 1974, he assisted his supervisor and other buyers in the preparation of a sixmonth inventory plan and also assisted in preparation of a three-month advertising budget. In the middle of December, 1974, he was given the added responsibilities of buying for the small appliances department and of creating a popular life style concept shop. During this time, his assistant quit, and he was not provided with a new assistant until February 3, 1975. In January, 1975, he covered in one and a half days a Chicago housewares market that normally would have required a week. Upon returning from Chicago, in addition to his regular duties, he had to supervise a warehouse sale. Because claimant's departments were not producing the volume of sales expected, he was threatened with the loss of his job. In early February, 1975, he began to suffer severe headaches, nausea, shortness of breath and vomiting of blood. By the latter part of February, he was suffering with retrosternal chest pains, sweating and pain radiating to his left shoulder and left arm. He was hospitalized on February 24, 1975, and was diagnosed as having sustained a subendocardial-myocardial infarction.
The Judge of Industrial Claims decided that claimant had suffered a compensable heart attack since the heart attack was the result of unusual stress causally related to his employment and since "the activity of claimant's employment was not routine."
Finding no reversible error to have been demonstrated, the Industrial Relations Commission affirmed.
The employer maintains that the decision below is contrary to the holding of this Court in Victor Wine. It points out that the Judge of Industrial Claims made no finding of a specifically identifiable stress or effort. It claims that unusual stress or strain is not that which arises out of work regularly performed by the employee. Cf. Friendly Frost Used Appliances v. Reiser, 152 So.2d 721 (Fla. 1963).
On the other hand, the claimant suggests that this case presents a novel situation upon which no Florida decision is directly on point. His theory of compensability is founded upon the fact that his myocardial infarction was precipitated by a series of unusual, non-routine, work-related, emotionally traumatic events and circumstances compressed within a specific period of time, rather than a single isolated event.
We find, consistent with our pronouncement in Victor Wine and its progeny, that, for a heart attack occurring during the course of employment to be compensable, it must have been caused by the unusual strain or overexertion of a specifically identifiable effort not routine to the work the employee was accustomed to performing.
In determining whether a particular activity is not routine, we must look to the duty performed by the employee himself rather than by his fellow workers. Yates v. Gabrio Electric Co., 167 So.2d 565 (Fla. 1964).
"Injury" is defined by Section 440.02(6), Florida Statutes, to mean "... personal injury or death by accident arising out of and in the course of employment, and *387 such diseases or infection as naturally or unavoidably result from such injury..." Section 440.02(18) describes "accident" to mean "... only an unexpected or unusual event or result, happening suddenly... ." In Victor Wine, we explained the meaning of "accident," insofar as it relates to the inclusion of the term "result" in its definition, as follows:
It is therefore settled beyond question in this state that an internal failure, such as a strained muscle, ruptured disc, "snapped" knee-cap, and the like, brought about by exertion in the performance of the regular or usual duties of the employment, may be found to be an injury "by accident," without the necessity of showing that such injury was preceded by some incident, such as a slip, fall or blow.
The rule regarding heart attacks caused by strain or overexertion is stated in Victor Wine as follows:
When disabling heart attacks are involved and where such heart conditions are precipitated by work-connected exertion affecting a pre-existing non-disabling heart disease, said injuries are compensable only if the employee was at the time subject to unusual strain or over-exertion not routine to the type of work he was accustomed to performing.
Thus, if there is competent substantial medical testimony, consistent with logic and reason, that the strain and exertion of a specifically identified effort, over and above the routine of the job, combined with a pre-existing non-disabling heart disease to produce death or disability sooner than it would otherwise have occurred from the normal progression of the disease, the employee has a right to some compensation. (Emphasis supplied.)
Since the judge did not find that the strain and exertion of a specifically identified effort, over and above the routine of the job caused the heart attack and since, from the record, we do not find that such occurred, we grant the petition for writ of certiorari and quash the order of the Industrial Relations Commission with directions that it quash the order of the Judge of Industrial Claims and dismiss the claim.
It is so ordered.
ENGLAND, C.J., and BOYD and SUNDBERG, JJ., concur.
OVERTON and HATCHETT, JJ., dissent.