SHAW, Judge.
The deceased claimant, a shipping clerk at employer’s wholesale grocery warehouse, was required as a condition of employment to take a polygraph (lie detector) examination. During an investigation of pilferage, he took and failed two such tests. A few minutes after taking a third test, he complained of numbness in his leg. He was ministered to by a rescue squad, but developed respiratory problems and was transported to a hospital where he was pronounced dead on arrival. The cause of death. was a dissecting aneurysm of the aorta (ruptured aorta). The deputy found that being wired to the polygraph machine was an identifiable effort, that there was physical reaction to the polygraph examinations as exhibited by the change in blood pressure and respiration, that the taking of the polygraph examination was an unusual strain or overexertion not routine to the type of work performed, that this unusual exertion precipitated the dissecting aneurysm, and that the deceased suffered a com-pensable accident. We disagree and reverse.
We note in passing that the pertinent evidence was received by deposition and that our vantage point in interpreting the depositions is not inferior to that of the deputy. See Kelly v. Florida Atlantic University, 413 So.2d 833 (Fla. 1st DCA 1982), and Dukes v. Dukes, 346 So.2d 544 (Fla. 1st DCA 1976).
The doctor who performed the autopsy testified that the deceased had a preexisting disease, arteriosclerosis of the aorta, which predisposed him to dissecting aneurysms and that there was no other evidence of heart disease. He opined that polygraph tests are emotionally stressful and, based on the close proximity of the test to the death, he believed the dissection of the aorta was related to the polygraph examination. Two expert polygraph examiners testified that polygraph tests are emotionally or psychologically stressful but are not physically stressful; the tests are designed to measure physiological changes in the subject’s body as manifested by changes in blood pressure, in breathing, and in galvanic electricity running through the body.
In Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581 (Fla.1962), the court adopted the following rule for heart eases:
When disabling heart attacks are involved and where such heart conditions *81 are precipitated by work-connected exertion affecting a pre-existing non-disabling heart disease, said injuries are com-pensable only if the employee was at the time subject to unusual strain or over-exertion not routine to the type of work he was accustomed to performing.
Id. at 588-589. In Richard E. Mosca & Co. v. Mosca, 362 So.2d 1340 (Fla.1978), the Florida Supreme Court extended the Victor Wine rule to other internal failures of the cardiovascular system, holding that “before a ruptured aneurysm can qualify as an accident arising out of employment, the rupture must be shown to have been caused by an unusual strain or overexertion by the claimant resulting from a specifically identifiable effort by him not routine to the type of work he is accustomed to performing.” Id. at 1342. In Silvers v. The Miami Wholesale Grocery, Inc., 400 So.2d 439 (Fla.1981) the court held that for a heart injury to be compensable, “the ‘indentifiable effort’ associated with the onset of a heart attack must be job-related and must stem in part from some non-routine physical exertion.” Id. at 441.
In his findings the deputy has departed from the evidence and the law. While being wired for and taking a polygraph test might be characterized as non-routine, the evidence clearly showed that there was nothing in the test which could be described as a physical overexertion. The polygraph test as conducted was essentially passive; the only physical activity required was breathing. A change in blood pressure or respiration rate from emotional stress is not physical overexertion, and to accept the deputy’s findings would be tantamount to abandoning the rule of Victor Wine and its progeny that there be an unusual physical exertion. Emotional strain unaccompanied by unusual physical strain or overexertion is an insufficient basis upon which to predicate compensability. As the court said in Mosca at 1342:
We have had a number of “heart” cases in which we determined what was or what was not an unusual and pon-routine strain or exertion within the definition of Victor Wine. These decisions have involved either physical strain or exertion alone or physical strain or exertion in concert with emotional strain, but in no case have we held emotional strain alone to be sufficient. Emotional strain is too elusive a factor to be utilized, independent of any physical activity; in determining whether there is a causal connection between a heart attack or other internal failure of the cardiovascular system and the claimant’s employment.
REVERSED.
LARRY G. SMITH and JOANOS, JJ., concur.