MILLS, Judge.
The employer and carrier (E/C) contend in this appeal that the deputy commissioner’s finding that Cushman’s heart attack was causally related to a prior compensable injury is not supported by competent substantial evidence. We affirm.
Cushman was employed as a police officer with the City of Lakeland when, on 5 July 1980, he suffered a compensable injury. On that date, Cushman was pursuing a criminal suspect when the suspect shot him and beat him several times with the butt of his gun. In addition, while lying on the ground from the beating and the gunshot wound, he was run over by a police vehicle. He sustained a fractured left femur, internal injuries to the lower bowel area, and various abrasions and contusions.
Cushman returned to work on 1 October 1980 but did not resume his regular patrol duties. Instead, he was assigned to various other jobs within the department. He underwent surgery seven times due to his injuries. The last of these operations was performed approximately six to seven weeks before 30 October 1981. In addition to the stress of these surgeries, Cushman was in constant pain and was having frequent nightmares about the shooting which caused him to sleep fitfully.
On 30 October 1981, he suffered a heart attack while on the job. Thereafter, he filed a claim requesting medical and tempo *1129 rary total disability (TTD) and/or temporary partial disability (TPD) benefits.
Dr. McIntosh, the treating physician, testified at the hearing that he did not believe that Cushman’s heart attack was the direct and natural result of his 5 July 1980 accident. He also testified that he did not feel that Cushman’s job was particularly stressful and that Cushman had a coronary heart disease which pre-existed the 5 July 1980 accident.
Dr. Naiman testified that he too found evidence of atherosclerotic cardiovascular disease which predated the 5 July 1980 accident. However, he testified:
I don’t think you can look — I think it’s unreasonable to look at it as isolated events. I think that there was a cascade effect from the point — from the time that this man was shot, beat, run over, and then all of the things that happened to him in the next year, including the operations on his bowels and the removing of the bullets and the pinning of the hips and the time in the hospital and the worrying about whether he was going to go back to his job and his wife and his kids and all of the things that go along with this much disruption of one’s normal life course over that period of time, in — particularly in a man as intense as Officer Cushman. I mean, this isn’t your average laid-back man. This is a pretty intense, job-oriented, Victorian ethic individual.
All of this uncertainty, plus all of the physical pain and stress, plus all of the immobility and anxiety must have accelerated any stress-related factor. And I think it’s entirely reasonable to believe that it accelerated the process which finally culminated in this myocardial infarction on that day.
Dr. Naiman based his opinion on reasonable medical probability.
The deputy commissioner accepted the testimony of Dr. Naiman, rejected the testimony of Dr. McIntosh, and awarded medical and TTD and/or TPD benefits. In so doing, he expressly found that the heart attack was the result of the pain, discomfort, surgeries, and other activities related to the 5 July 1980 accident.
Generally, heart attacks are com-pensable only when they are the result of some unusual strain or over-exertion not routine to the type of work that the claimant was accustomed to performing. Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581 (Fla.1961); Tintera v. Armour & Company, 362 So.2d 1344 (Fla.1978). However, in situations such as the one presented in the instant case, where a heart attack follows a prior compensable injury, the test for compensability is whether the heart attack is the direct and natural result of the compensable injury. Sosenko v. American Airmotive Corporation, 156 So.2d 489 (Fla.1963); Reynolds v. Whitney Tank Lines, 279 So.2d 293 (Fla.1973); Lone Star of Florida v. Rodriguez, 416 So.2d 859 (Fla. 1st DCA 1982).
We held in Wallen v. Salon of Music, Inc., 418 So.2d 421 (Fla. 1st DCA 1982), that medical testimony based on a reasonable degree of medical certainty that a claimant’s myocardial infarction could have been related to a prior compensable injury is sufficient to establish causation. Likewise, we find that Dr. Naiman’s testimony in this ease constitutes competent substantial evidence in support of the deputy commissioner’s finding of causation.
AFFIRMED.
WENTWORTH and BARFIELD, JJ., concur.