451 So.2d 965 (1984)
CITY OF OPA LOCKA, Appellant,
v.
Thomas J. QUINLAN, Appellee.
No. AV-21.
District Court of Appeal of Florida, First District.
June 12, 1984.
Rehearing Denied June 27, 1984.
Robert A. Ginsburg, Dade County Atty., Miami, and William L. Petros, Asst. County Atty., for appellant.
Albert E. Harum, Jr., Miami, for appellee.
WIGGINTON, Judge.
The City of Opa Locka, a self-insured employer, appeals the deputy commissioner's order finding appellee's heart attack compensable under chapter 440, Florida Statutes. We reverse.
On July 23, 1982, appellee, a forty-seven year old police sergeant, suffered a heart attack at work. The record shows that appellee's job as a police officer includes many administrative supervisory duties, but he also goes out "on the street" for a period each day and has been involved in physical altercations resulting in injury *966 quite a few times during his service to the city. For three consecutive nights preceding his heart attack, while on duty he had to respond in an emergency manner to aid a female police officer who had gotten involved in fracases on the street. His responses did not involve physical confrontations. Additionally, for the several days preceding his attack, appellee had worked longer hours doing his own work plus the administrative work of a sergeant and a commander who were out on sick leave. Further, as punishment due to an earlier reprimand, appellee worked extra hours during the week preceding his heart attack formatting a lesson plan for police explorer groups. On the afternoon of the attack, he engaged in a heated telephone discussion with a state attorney for approximately forty-five minutes and immediately thereafter performed his usual roll call at which, contrary to his usual practice, he "chewed out" several officers publicly for things "they shouldn't have done." Immediately thereafter, he suffered his heart attack.
The deputy commissioner found that the above activities "when together considered" constituted unusual exertion which resulted in appellee's heart attack and thereupon ruled the attack compensable. However compassionate, we conclude that the deputy commissioner's decision does not comply with Florida's Workers' Compensation Law.
In Florida, a long line of cases has firmly established that a heart attack may be deemed compensable under chapter 440, Florida Statutes, only if it stems from a specifically identifiable non-routine physical activity connected with the claimant's employment. Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581 (Fla. 1962); Richard E. Mosca & Co., Inc. v. Mosca, 362 So.2d 1340 (Fla. 1978); Richards Department Store v. Donin, 365 So.2d 385 (Fla. 1978). As this Court stated in Mosca:
We have had a number of "heart" cases in which we determined what was or what was not an unusual and non-routine strain or exertion within the definition of Victor Wine. These decisions have involved either physical strain or exertion alone or physical strain or exertion in concert with emotional strain, but in no case have we held emotional strain alone to be sufficient. Emotional strain is too elusive a factor to be utilized, independent of any physical activity, in determining whether there is a causal connection between a heart attack or other internal failure of the cardiovascular system and the claimant's employment.
At 1342.
In Silvera v. Miami Wholesale Grocery, Inc., 400 So.2d 439, 441 (Fla. 1981), the court stated:
To be compensable, the "identifiable effort" associated with the onset of a heart attack must be job-related and must stem in part from some non-routine physical exertion. It may, however, involve psychological pressures closely associated with the physical activity.
In Hodgen v. Burnup & Sims Engineering, 420 So.2d 885, 886 (Fla. 1st DCA 1982), the court stated:
Though there was evidence that Mr. Hodgen had undergone some unusual emotional stress, there was no evidence that the heart attack was due to any unusual physical exertion. Emotional strain alone is not sufficient to establish a causal connection between employment and heart failure.
See also Hammersmith, Inc. v. Zanfardino, 425 So.2d 80 (Fla. 1st DCA 1982); McCall v. Dick Burns, Inc., 408 So.2d 787 (Fla. 1st DCA 1982); and State Real Estate Commission v. Felix, 383 So.2d 941 (Fla. 1st DCA 1980).
Appellee did not meet his burden, in this case, of showing that he had engaged in some non-routine physical effort at work which resulted in his heart attack. The duties performed by appellee during the several days preceding his heart attack and on the fateful day, were substantially the same duties he always performed, with the exception that he was carrying a greater load than usual. Even if his excessive workload could be classified as non-routine, no evidence in the record would support *967 a finding that he was engaging in any specifically identifiable sort of non-routine physical activity. While we may sympathize with appellee's position, in light of the above cases we can only conclude that appellee's heart attack is not compensable under the present state of our workers' compensation law.
REVERSED.
MILLS, J., concurs.
SHIVERS, J., dissents with written opinion.
SHIVERS, Judge, dissenting.
I respectfully dissent. There is competent, substantial evidence that claimant underwent unusual physical and emotional exertion or strain, not routine to his employment, and that there was a causal relationship between this strain or overexertion and his heart attack. See Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581 (Fla. 1962). Claimant testified that for several days preceding his heart attack, he had worked longer hours doing his own work plus the work of a sergeant and commander who were out sick. Also, because in 1981 he had cooperated with the Florida Department of Law Enforcement in investigation of the Opa Locka Police Department administration, but had failed to tell the administration it was being investigated, he was reprimanded and ordered to perform 24 hours of community service. Claimant had been working overtime on his days off immediately preceding the heart attack to complete a lesson plan for police explorer groups to perform his community service. The payroll records show that he worked for almost 25 hours of the 48 hours preceding his attack.
Dr. Wald, a cardiologist, testified that based on his knowledge of claimant's activities on the several days preceding the attack, claimant had been under a combination of emotional and physical distress, that he had a "load on his mind and body." Dr. Wald opined that such strain was a contributory factor to the heart attack.
Unusual office overwork can constitute a physical as well as a mental strain.
The majority would reverse the deputy and hold there was no non-routine physical activity here. The testimony of claimant and Dr. Wald furnish solid basis for the deputy's order. In Swanigan v. Dobbs House, 442 So.2d 1026 (Fla. 1st DCA 1983), we noted that our review centers only on whether the record contains competent, substantial evidence to support the deputy's order. In my opinion it does.