O’CONNELL, Justice.
We have for review a compensation order of the Florida Industrial Commission affirming the deputy commissioner’s award of compensation for permanent partial disability and other benefits.
Respondent, who was fifty-three years old and had worked in groceries and supermarkets all of his adult life, was employed by the petitioner as manager of' his supermarket. It was during this employment that respondent suffered the myocardial infarction for which he claimed benefits under the Workmen’s compensation'' law. It appears that on- the day prior to his attack, about 175 cases of canned fruit, each weighing -about fifty’ pounds, were delivered to the store. Respondent unloaded and stacked most-.of this ;canned fruit over a period of two days. It was toward the end of this exertion that the heart attack occurred.
After hearing, the deputy entered' an award for permanent partial' disability of fifty-five percent of the body as a whole', medical benefits, and attorney fees. Although the deputy found that the claimant had a pre-existing arteriosclerotic condition which was asymptomatic, he apportioned half of the claimant’s resulting disability, both permanent and temporary, and medical benefits, both past and future, to that pre-existing condition. On review, the full commission affirmed by its usual short order form opinion.
Petitioner employer raises three questions here: (1) whether the claimant had carried his burden of proving causal relationship between the injury and the employment; (2) whether failure of the hospital and the attending physician to file the reports required by Sec. 440.13 did not operate to excuse the employer from paying for past medical costs; and (3) whether the award for fifty per cent permanent partial disability was supported by competent substantial evidence. By cross-petition, the claimant raises the question whether the deputy erred in apportioning disability and medical benefits to the preexisting arteriosclerotic condition.
We have concluded that the award must be reversed and the claim dismissed on the ground that the finding of causal relationship between the injury and the employment is not supported by competent substantial evidence. Of course, under this disposition of the first question by the pe *516 titioner, all of the remaining questions by both the petitioner and the respondent become moot.
We realize that the claimant is not required to prove causal relationship by a preponderance of the evidence. However, neither is there any presumption of such a relationship. In short, the deputy’s finding of causal relationship between the injury and the employment must be supported by competent substantial evidence in the record. Arkin Construction Company v. Simpkins, Fla.1957, 99 So.2d 557.
In Victor Wine & Liquor, Inc. v. Beasley, Fla.1961, 141 So.2d 581, we recognized that the rule requiring a literal “accident” was not applicable in cases resulting from heart attacks occurring during the employment and substituted the following:
“When disabling heart attacks are involved and where such heart conditions are precipitated by work-connected exertion affecting a pre-existing non-disabling heart disease, said injuries are compensable only if the employee was at the time subject to unusual strain or over-exertion not routine to the type of work he was accustomed to performing.”
As already indicated, it is true that the claimant herein testified rather vaguely that the attack had followed unusual exertion from stacking the cases, of fruit. However, on cross-examination, he admitted that it was not unusual for him to stack as many as 100 to 125 cases in a day, which was the approximate amount stacked on the day of the attack. The most that Dr. Flipse would say was that the exertion could have had something to do with the attack, but that other factors — notably, hypertension — were probably more important. Dr. Byrne did testify that the exertion was probably the precipitating factor. However, cross examination brought out that he had nothing but the bare history given by the claimant to support his conclusion. He did not know how much the cases of canned fruit weighed or the amount of such exertion that was customary to the claimant. In short, the record simply does not contain sufficient competent evidence to support the finding of causal relationship.
Therefore, the commission’s order is quashed and the cause is remanded with instructions to dismiss the claim.
THORNAL, C. J., and THOMAS, ROBERTS and DREW, JJ., concur.