JOANOS, Judge.
In this Workers’ Compensation appeal, the employer and its carrier contest the decision of the deputy commissioner which found the claimant’s knee infection to be causally related to an earlier work-related injury to the same knee. We agree with appellants that the record did not present substantial competent evidence of the relationship and reverse the deputy’s award of temporary total and permanent partial disability benefits as they relate to the knee infection. Since the award of benefits will be altered on remand, the attorney’s fee award will need to be reconsidered also.
At the time of the accident, April 27, 1978, the claimant was a house physician at Victoria Hospital. During a cardiac emergency, the claimant banged his left knee against a bed headboard causing a contusion but no breaking of the skin. The claimant saw Dr. Cullipher for this injury through June 1978, during which time the doctor found no evidence of an infection. The claimant’s knees were also examined on June 20,1978 by Dr. Kalbac who diagnosed pre-existing degenerative arthritis in both knees but, like Dr. Cullipher, did not find any infection.
On October 30, 1978, the claimant was admitted to the hospital where Dr. Ramirez diagnosed a staph infection in both knees, although the left knee’s infection was more severe. The admission report by Dr. Egozi indicated that the claimant gave a history of pain beginning about three months earlier, which would have placed the start of the infection around August of 1978. The claimant was re-hospitalized on March 2, 1979 when Dr. Ruiz found that the left knee had become infected again. The doctor also diagnosed arthritis and destruction of the knee joint.
The doctors were unanimous in the opinion that a staph infection generally takes less than a week to develop, although Dr. Ruiz theorized that under certain conditions (none of which he attributed to the claimant) the infection might take one or two months to develop. In addition, the uncontradicted medical testimony was that such an infection may result from a spread of infection elsewhere, a puncture wound into the knee, or an injection into the knee. There was no evidence that the infection spread from another part of the claimant’s body and no one suggested that the contusion to claimant’s knee in April of 1978 could have directly resulted in a staph infection. The only evidence which tended to show any relation between the bump to the claimant’s knee and the staph infection which was discovered six months later was the testimony of two doctors (Kalbac and Ruiz) that the claimant admitted injecting his own knee. Although Dr. Ruiz causally *1167 related these injections to the infection, neither doctor knew the reason for the injections. Since the claimant adamantly denied ever injecting his own knee or receiving any injections, no evidence was presented to connect the presumed injections with the injury of April 1978. In fact, Dr. Kalbac testified that the claimant’s pre-existing arthritic condition was just as likely to have prompted the injections as anything else. The relationship to the claimant’s arthritis in both knees is also more consistent with Dr. Ramirez’ finding of a staph infection in both knees.
Thus, the record in this case is missing a crucial link in the chain of evidence. Medical testimony does support the conclusion that the infection was caused by injections given in the claimant’s knee. The record is void of any evidence, however, to link the injections with the work-related accident. Dr. Ruiz’ opinion on causal relationship is of no value because it was founded on the unproven assumption that the injections were somehow prompted by the claimant’s injury of April 1978. As stated in Arkin Construction Co. v. Simpkins, 99 So.2d 557, 561 (Fla.1957), a “conclusion or opinion of an expert witness based on facts or inferences not supported by the evidence in a cause has no evidential value.” Without any evidence relating the injection to the claimant’s accident, the gap between the infection and the accident could only be bridged by speculation and conjecture. Causal relationship must be supported by competent and. substantial evidence, not mere speculation. City of Jacksonville Police Department v. Hobbs, 246 So.2d 561 (Fla.1971); Simmons v. Stanley, 197 So.2d 514 (Fla.1967).
REVERSED and REMANDED for reconsideration consistent with this opinion.
McCORD and SHIVERS, JJ., concur.