PER CURIAM.
The order of the Judge of Industrial Claims denied the claimant worker’s compensation benefits, including medical benefits. We affirm except for the denial of medical benefits.
The claimant testified that while employed by Farm Stores, his eyes and nose began to burn and itch within minutes after wiping a gasoline meter with his finger and then rubbing his finger against his nose. The claimant was told to see a doctor of his choice, but he was never reimbursed for the visits or for medication. Subsequently, the employer and carrier contested all claims against them contending that the injuries were not caused by the gas meter incident. Although Dr. Grabow’s testimony is somewhat confusing, we think the judge misconstrued it in finding that it did not support a claim for benefits. The unrebutted deposition testimony of Dr. Grabow states that the accident probably caused claimant’s preexisting dry eye syndrome to become symptomatic whereas before it had been asymptomatic. Concededly, the accident did not cause the dry eye syndrome, nor was there any way to know if the accident precipitated the injury or whether the accident and injury were coincidental. E. g., Wright v. Bechtel Corporation, IRC Order 2-2991 (July 20, 1976), cert. denied, 345 So.2d 420 (Fla.1977). However, a preexisting condition which becomes symptomatic as the probable result of an accident is compensable. See generally, Robinette v. E. R. Jahna Industries, Inc., 208 So.2d 104 (Fla.1968); Simmons v. City of Coral Gables, 186 So.2d 493 (Fla.1966). Further, medical benefits are payable without regard to apportionment. § 440.02(18), Florida Statutes (1977). However, considering the totality of the record and the judge’s opportunity to observe the claimant, we find that there was substantial competent evidence supporting the finding that there was no permanent partial impairment of the eye and that claimant was not entitled to temporary total disability benefits.
Affirmed in part and reversed in part with instructions to consider a proper award of medical benefits.
McCORD, LARRY G. SMITH and SHIVERS, JJ., concur.