418 So.2d 421 (1982)
Richard C. WALLEN, Appellant,
v.
SALON OF MUSIC, INC., and Shelby Mutual Insurance Company, Appellees.
No. AG-256.
District Court of Appeal of Florida, First District.
August 23, 1982.
Richard A. Kupfer of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, West Palm Beach, for appellant.
Harry D. Robinson, West Palm Beach, for appellees.
McCORD, Judge.
Appellant appeals a workers' compensation order ruling that his heart attack is not compensable. We reverse.
In September 1979, appellant injured his back and hip in a work-related accident. About eight months later, while he was still temporarily totally disabled from that accident, he suffered a heart attack. The deputy commissioner based his finding that the heart attack was noncompensable on the deposition testimony of Dr. Gerard and the testimony of Dr. Ray, both of whom are internists and cardiologists. Both doctors testified in essence that, although appellant had pre-existing atherosclerosis, within a reasonable degree of medical certainty the increased anxiety which appellant suffered as a result of the accident could have contributed to the onset of his heart attack. In denying the claim the deputy commissioner stated:
I accept the opinion of Dr. Gerard and of Dr. Ray that the additional stress from the compensable accident could have contributed to the myocardial infarction suffered by the claimant, but I do not feel there is competent substantial evidence to indicate that this probable additional stress did in fact contribute to the myocardial infarction suffered by the claimant.
We find that the deputy commissioner placed too great a burden of proof as to causation upon appellant.
In Reynolds v. Whitney Tank Lines, 279 So.2d 293 (Fla. 1973), the Industrial Relations Commission had found that the causal relationship between an accident and the claimant's heart attack was not established by competent substantial evidence because the doctor in that case "did not unequivocably testify that within a reasonable medical probability that either of the accidents caused the myocardial infarction." The Commission went on to say that "[T]he only evidence in support of the Judge of Industrial Claims' ruling in the instant case was that of Dr. Armstrong who merely attributed claimant's myocardial infarction to both his prior accidents and named other causative factors." Dr. Armstrong's testimony was in part as follows:
I feel that there is absolute medical certainty that this triggered the acute phase of his respiratory disease as it is a well-known fact that the wheezing associated with obstructive pulmonary disease is frequently emotionally induced. It is equally well known that heart attacks are stress related... .
*422 The doctor went on to testify that he felt there was a connection between the accidents and the claimant's heart attack; that the stress the claimant had suffered in his accidents triggered wheezing responses that "tipped him over into having overt manifestations of the obstructive disease." The Supreme Court reversed the Commission's ruling, stating:
We have recited the testimony and report of Dr. Armstrong on this issue and it is our opinion that this evidence, coupled with the testimony of claimant and his wife to the effect that claimant became increasingly nervous and began to suffer shortness of breath after the second accident, constitute competent substantial evidence of causal relationship... .
As in Reynolds, the instant case contains competent, substantial evidence, based on the testimony of Drs. Gerard and Ray, to support a finding that the heart attack was compensable. Compare also Vyajkora v. Farm Stores, 378 So.2d 889 (Fla. 1st DCA 1979), in which this Court stated:
Concededly, the accident did not cause the dry eye syndrome, nor was there any way to know if the accident precipitated the injury or whether the accident and injury were coincidental ... However, a pre-existing condition which becomes symptomatic as the probable result of an accident is compensable. (Emphasis supplied.)
In light of the above cases and because the deputy commissioner specifically accepted the opinions of Drs. Gerard and Ray on the heart attack compensability question, we hold that appellant has met his burden of proof to show that his heart attack should be deemed compensable.
Reversed and remanded for further proceedings consistent with this opinion.
ERVIN and JOANOS, JJ., concur.