432 So.2d 1374 (1983)
Harry POPIEL, Appellant,
v.
BROWARD COUNTY SCHOOL BOARD and Gallagher-Bassett Insurance Service, Appellees.
No. AO-438.
District Court of Appeal of Florida, First District.
June 21, 1983.
Philip S. Anderson, Fort Lauderdale, for appellant.
Albert P. Massey, III of Pyszka & Kessler, Fort Lauderdale, for appellees.
SHIVERS, Judge.
In this workers' compensation case, Harry Popiel appeals the final order of the deputy commissioner which denies Popiel's *1375 claim for benefits due to the death of his wife, Ida Popiel. Appellant argues that the deputy commissioner erred in applying the rule of Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581 (Fla. 1962), to the facts of this case. We agree, reverse and remand.
The decedent, Ida Popiel, was employed by Broward County School Board as a clerk typist. On November 20, 1980, decedent accompanied a co-worker in an automobile from the school board offices to another school board facility. The trip was several miles in duration, and en route decedent and her co-worker became lost and stopped to ask directions. A thief came up to the vehicle, reached in through the open window on the passenger side, and snatched decedent's gold necklace from around her neck. The police were notified, and decedent and her co-worker completed their errand and returned to the school board offices. Approximately an hour after the assault, Ida Popiel collapsed and died of a heart attack.
Subsequent examination disclosed that decedent had at one time suffered from rheumatic fever which caused the heart mitral valve to be defective, and this defect was pre-existing at the time of the battery. The battery caused the heart rate to increase because of excitement, stress, and upset, and resulted in congestive heart failure. The medical examiner, Dr. Wright, testified that the shock and upset from the robbery was the cause of the decedent's heart attack and death. Dr. Wright stated that there was no evidence of physical trauma, either internally or externally to the neck area from which the necklace was taken.
The deputy commissioner denied compensability based upon the rule of Victor Wine & Liquor, Inc. v. Beasley, supra. In Victor Wine, the court stated that the line of cases requiring a literal "accident" such as a slip or fall in order to recover compensation for a work related injury were no longer authoritative. In cases where no such literal accident occurred, heart attacks were held to be compensable only if the employee was at the time subject to unusual strain or over-exertion not routine to the type of work he was accustomed to performing. In the instant case the deputy commissioner held that in the absence of an unusual physical strain or over-exertion not routine to the employment, the death of Ida Popiel was not compensable.
Appellant correctly points out that under Florida workers' compensation law there are two lines of cases dealing with the compensability of heart attacks. It is true that Victor Wine and its progeny hold that heart attacks are compensable only if suffered while the employee was engaged in some unusual strain or over-exertion not routine to the employment. Richard E. Mosca & Co. v. Mosca, 362 So.2d 1340 (Fla. 1978); Silvera v. Miami Wholesale Grocery, Inc., 400 So.2d 439 (Fla. 1981). Another line of cases, however, finds compensability where an employee is injured in an identifiable accident which either immediately or subsequently results in a heart attack. Reynolds v. Whitney Tank Lines, 279 So.2d 293 (Fla. 1973); Wallen v. Salon of Music, Inc., 418 So.2d 421 (Fla. 1st DCA 1982); Lone Star of Florida v. Rodriguez, 416 So.2d 859 (Fla. 1st DCA 1982). Reynolds holds that in those situations where the claimant is injured in an identifiable accident, there is no requirement that the claimant must be under unusual strain or over-exertion at the time of the heart attack. The relevant question in that situation is whether the heart attack is causally related to the accident.
In the case sub judice, we hold that the battery on Ida Popiel constituted an identifiable accident. "Accident" is defined as an unexpected or unusual event or result, happening suddenly. Section 440.02(18), Florida Statutes (1981). A battery can constitute an accident within the meaning of the workers' compensation law. See Strother v. Morrison Cafeteria, 383 So.2d 623 (Fla. 1980); Prahl Brothers, Inc. v. Phillips, 429 So.2d 386 (Fla. 1st DCA 1983).
The testimony of Dr. Wright clearly establishes the causal connection between the industrial accident and the heart attack. It is not necessary, as contended by *1376 the employer/carrier, that an industrial accident must result in other serious physical injuries which, in turn, cause the heart attack in order for the heart attack to be compensable. It is enough if there is competent substantial evidence to support the proposition that the heart attack is causally related to the accident. Reynolds, supra.
We further note that the second sentence of section 440.02(18), Florida Statutes, is not applicable in this case. That sentence states, "A mental or nervous injury due to fright or excitement only ... shall be deemed not to be an injury by accident arising out of the employment." First, the case at bar does not involve a mental or nervous injury, but rather, a very serious physical injury in the form of heart failure. Second, the injury in the instant case was not due to fright or excitement only, but rather, resulted from a physical impact (the robbery of the necklace) which also produced fright and excitement. We view this case as closely analogous to General Telephone Co. v. Bass, IRC Order 2-3643 (December 26, 1978). In Bass the judge of Industrial Claims found that a pushing and shoving incident accelerated the hypertensive and diabetic conditions of the claimant. The IRC, in affirming the order, discussed the dichotomy between Reynolds and Victor Wine and found that the Victor Wine test was not applicable to cardiovascular injuries from an independent employment accident by battery. Speaking for the Commission, Commissioner Wentworth stated, "[W]hen the trauma from an employment accident produces physical injury, that injury may be compensable even when it results from fear and excitement produced by the employment accident." IRC Order 2-3643 at p. 5.
Accordingly, the order of the deputy commissioner dated October 4, 1982 is REVERSED, and this cause is REMANDED for further proceedings.
MILLS and BOOTH, JJ., concur.