PER CURIAM.
This cause is before us on appeal from a workers’ compensation order awarding deceased temporary total disability benefits and statutory survivor’s benefits. The issues presented are: (1) whether there is competent, substantial evidence to support the deputy commissioner’s finding that exposure to urethane fumes was a contributing cause of deceased’s October 23, 1980, heart attack; and (2) whether there is competent, substantial evidence to support the deputy’s award of death benefits as a result of deceased’s second heart attack four years after the first heart attack.
Deceased, a 58-year-old man with no history of cardiovascular difficulty, suffered a heart attack on October 23, 1980, while doing carpentry work at a construction site of a tourist attraction, “Treasures Under the Sea.” Four years later, after reaching maximum medical improvement but never returning to work because he was unable, the deceased suffered another heart attack and died. Deceased had been working for three days prior to the initial heart attack in a room adjacent to one where workers were spraying urethane foam to create an undersea exhibit. Initially, the workers in the adjacent room were removed when the spraying began. Subsequently, when the spraying resumed, the workers were not told to leave, and the deceased remained. Ventilation was poor in both windowless rooms, and an exhaust fan was placed in the room where the spraying was done. The rooms were connected by double doors, which were disputed to be closed at all times. Over the three days of spraying, the deceased became ill, dizzy, and nauseous. No other workers suffered any ill effects. Dr. Dan-zig testified that the exposure to urethane fumes “certainly could have precipitated a myocardial infarction.” However, Dr. Grau testified that the fumes had “no relationship at all” to the heart attack. No testimony was given on the cause of the second heart attack resulting in deceased’s demise. The deputy found that “[t]he greater weight of the evidence suggests that claimant’s exposure was, in some way, a contributing cause to his myocardial infarction,” and he awarded deceased’s spouse temporary total disability benefits from the date of collapse to the date of death and statutory survivor’s benefits.
In accepting Dr. Danzig’s testimony over Dr. Grau’s, the deputy stated that “Dr. Grau was largely unable to render an opinion.” Although Dr. Grau was unequivocal in his deposition testimony with regard to the cause of the heart attack, he was unable to opine whether the exposure affected the heart condition or whether the work deceased was doing was a precipitating or aggravating factor. Accordingly, the deputy’s interpretation of Dr. Grau’s testimony is supported and should not be disturbed.
Once competent, substantial evidence is established to support a finding of causation, a theory of compensability must issue under which the benefits can be conferred. The parties agreed that this is not a Victor Wine and Liquor v. Beasley, 141 So.2d 581 (Fla.1962), heart attack case, in which the claimant must prove the heart attack resulted from some unusual strain or overexertion not routine to the employment. Rather, this case is more akin to the line of cases in which an identifiable accident actually occurred, resulting in a heart attack. Reynolds v. Whitney Tank Lines, 279 So.2d 293 (Fla.1973); Wallen v. Salon of Music, Inc., 418 So.2d 421 (Fla. 1st DCA 1982); Lone Star of Florida v. Rodriguez, 416 So.2d 859 (Fla. 1st DCA 1982); Popiel v. Broward County School Board, 432 So.2d 1374 (Fla. 1st DCA 1983). Reynolds and Popiel hold that the relevant question is not whether the claimant was under unusual strain or overexertion at the time of the heart attack but whether the heart attack is causally related to an identifiable accident. In Popiel, the claimant suffered a heart attack an hour after a thief pulled a gold chain from her neck. The heart at *666 tack was found compensable by this court, which held:
It is not necessary, as contended by the employer/carrier, that an industrial accident must result in other serious physical injuries which, in turn, cause the heart attack in order for the heart attack to be compensable. It is enough if there is competent, substantial evidence to support the proposition that the heart attack is causally related to the accident.
Exposure to fumes has been considered an identifiable accident. City of Bonifay v. Faulk, 390 So.2d 791 (Fla. 1st DCA 1980). Therefore, the deputy’s award of total temporary disability benefits is supported by the finding that there is competent, substantial evidence to support the proposition that the heart attack is causally related to the exposure to fumes, the accident.
However, as to the deputy’s award of statutory death benefits pursuant to Section 440.16(1), Florida Statutes (1981), no evidence whatsoever has been presented to show the cause of the second heart attack to be related to the accident (fume exposure), anything work related, or anything related to the initial heart attack. The statute provides:
If death results from the accident within one year thereafter or follows continuous disability and results from the accident within five years thereafter, the employer shall pay.
There is no showing in the case sub judice that death resulted from the accident. Ap-pellee argues that the logical cause doctrine should be applied to require appellants to show that another cause of the injury other than the exposure to fumes is more logical and consonant with reason.[1] The logical cause doctrine does not apply in the instant case because there has been no initial showing of a logical cause for the injury. In Wilhem v. Westminster Presbyterian Church, 235 So.2d 726 (Fla.1970), the claimant showed the logical cause for his back injury to be his carrying a 300-pound couch down stairs. Furthermore, a doctor testified that this was the cause of his back injury. No testimony was provided by either doctor with regard to the cause of decedent’s second heart attack, which resulted in his demise.
Accordingly, the order of the deputy commissioner relating to the award of statutory death benefits is reversed, and this cause is remanded for further proceedings.
BOOTH, C.J., and SHIVERS and NIM-MONS, JJ., concur.

. The logical causes doctrine was adopted in Sanford v. A.P. Clark Motors, 45 So.2d 185 (Fla.1950), which held (45 So.2d at 187):
This court is committed to the doctrine that when a serious injury is conclusively shown and a logical cause for it is proven, he who seeks to defeat recovery for the injury has the burden of overcoming the established proof and showing that another cause of the injury is more logical and consonant with reason.