WIGGINTON, Judge.
In this workers’ compensation appeal, the claimant challenges the deputy commissioner’s order denying his claim for compensation benefits on the basis that the claimant’s cardiac disease and not the industrial accident caused claimant’s heart condition. Because we agree that the deputy’s order is not based on competent and substantial evidence, we reverse.
Where a claimant’s preexisting asymptomatic atherosclerotic or heart condition is aggravated or accelerated by an industrial accident, the resulting condition is compensable. See Wallen v. Salon of Music, Inc., 418 So.2d 421 (Fla. 1st DCA 1982); cf. Vyajkora v. Farm Stores, 378 So.2d 889 (Fla. 1st DCA 1979). In the instant case, Dr. Haggman’s testimony was clear that claimant’s accident aggravated and accelerated his preexisting cardiac disease and that the stress stemming from the *822 accident played a large part m rendering claimant symptomatic. Since Dr. Hill also confirmed that trauma could cause coronary artery disease to become symptomatic, the unrefuted medical testimony is that claimant’s preexisting coronary artery disease became symptomatic as a result of his industrial accident. For this reason, we distinguish the circumstances in Dade Property Management, Inc. v. Lazo, 418 So.2d 393 (Fla. 1st DCA 1982), since, although the claimant therein was asymptomatic following the industrial accident, he had had a long history of symptomatic chest pain and other anginal symptoms. Additionally, the only medical testimony in that case linking the claimant’s present condition to his industrial accident was given by a non-cardiologist physician in response to a hypothetical question which included facts unsupported by the record.
For the foregoing reasons, we hold the deputy commissioner erred in finding there to be no causal relationship between claimant’s present cardiac condition and the industrial accident. Accordingly, the cause is reversed and remanded for further proceedings.
SMITH, C.J., and SHIVERS, J., concur.