167 So.2d 565 (1964)
Mary YATES, Widow of Loren Yates, Deceased Employee, Petitioner, Cross-Respondent,
v.
GABRIO ELECTRIC COMPANY, Federated Mutual Insurance Company, and Florida Industrial Commission, Respondents, Cross-Petitioners.
No. 33287.
Supreme Court of Florida.
September 23, 1964.
*566 Robert E. Beach, of Roney & Beach, St. Petersburg, for petitioner and cross-respondent.
E.O. Palermo and John McQuigg, of Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for Gabrio Electric Co. and Federated Mut. Ins. Co., respondents and cross-petitioners.
Patrick H. Mears, Tallahassee, and J. Franklin Garner, Lakeland, for Florida Industrial Commission, respondents.
THORNAL, Justice.
By petition for a writ of certiorari we are requested to review an order of the Florida Industrial Commission which reversed an Order of a deputy commissioner who had awarded workmen's compensation death benefits to the widow of an employee.
We must decide primarily whether the facts presented by the record place the instant case within the confines of our opinion in Victor Wine and Liquor, Inc. v. Beasley, Fla., 141 So.2d 581.
A myocardial infarction caused the death of Loren Yates on March 23, 1962. For seven years Mr. Yates had been employed by Gabrio Electric Co. as an electrician and, incidentally, as a general handyman. Approximately 90% of his working time was devoted to the work of an electrician. During the remainder of the time he was called upon to do incidental chores which, on occasions, involved operating a line truck and ditch digger, bending relatively heavy conduits and similar work. The employee was physically a large man, weighing more than 200 pounds and standing better than six feet tall. On the fatal day he was performing his work as an electrician. At 12:30 P.M. he was directed to proceed to a cement works to load on a pickup truck a number of concrete blocks, each of which weighed between 100 and 125 pounds. Mr. Yates loaded two of the blocks without assistance. He had assistance in loading sixteen or eighteen additional blocks. The loading was one continuous operation which took approximately 20 minutes. Upon completing this chore Yates left the concrete plant and at 1:20 P.M. was found lying by his truck on the side of a road with severe chest pains. He was taken immediately to a hospital where a doctor diagnosed his condition as an acute myocardial infarction. He died at 5:00 P.M. the same day.
The widow, Mary Yates, made claim to workmen's compensation benefits. After extensive hearings the deputy commissioner found for the claimant. He expressly held that the fatal heart attack was causally related to the employment; that any heavy labor performed by the employee was merely intermittent and was not a part of his routine employment; that the lifting and *567 loading of the concrete blocks was not routine to the type of work Yates was accustomed to performing; that the lifting of the blocks subjected the employee to unusual strain which precipitated the heart attack; that the deceased employee had for some time been afflicted with a pre-existing non-disabling coronary ailment; that the work-connected exertion was 66 2/3% responsible for the fatal infarction and the pre-existing coronary arteriosclerosis was a 33 1/3% contributing factor. The deputy awarded compensation benefits accordingly to the widow. On review the Full Commission reversed. It held as a matter of law that the activities of the decedent on the day of his death did not constitute an unusual exertion and that the deputy's finding of a causal relationship was not supported by competent, substantial evidence. It is this order which we now have for review.
The evidence presented to the deputy, admittedly, was in conflict. However, under United States Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741, it was the responsibility of the deputy to weigh the evidence. His decision should not be disturbed if it is supported by competent, substantial evidence which accords with logic and reason.
On the matter of the type of work which Mr. Yates performed, the findings of the deputy are adequately supported. Both the employer and a fellow worker testified to the effect that 90% of Yates' time was devoted to relatively light work as an electrician's helper. The remaining 10% was devoted intermittently to what could be described as heavy work, such as bending conduits and operating the ditch digger. The employer testified further that the lifting and loading of heavy concrete blocks was not routine to the type of work which Mr. Yates generally performed. Although the testifying physicians differed, two of them positively related the fatal heart attack to the lifting of the concrete blocks. In Victor Wine v. Beasley, supra, we held that where a specifically identified exertion which is non-routine to the employee's job, combines with a pre-existing non-disabling coronary ailment to produce death or disability prematurely, the death or disability is compensable to the extent to which it was produced by the non-routine activity. When such activity combines with a pre-existing ailment, there must be an apportionment under Section 440.02(19), Florida Statutes, F.S.A.
We agree with the respondent that in ascertaining whether a particular activity is non-routine, we must look to the duty performed by the employee himself, rather than by his fellow workers. Similarly, we should examine the work done by the employee as an entirety, rather than some isolated segment of his activities. However, when, as here, the deputy is presented with evidence that the specific activity was non-routine and an examination of the employee's work history likewise sustains such a conclusion, the findings of the deputy regarding the non-routine nature of the specific activity, should not be disturbed. The deputy's order in the instant case was well within the Victor Wine rule.
Respondent contends by cross-petition that at least the matter should be returned to the deputy for further testimony regarding the percentage of acceleration of death produced by the industrial activity. We deem this to be unnecessary. The deputy heard or examined all of the evidence. One of the doctors testified that Mr. Yates, who was 53, could have anticipated a normal life span of some 20 additional years, had it not been for the infarction which resulted from the industrial activity. The deputy also had other evidence regarding the work that this man had been able to do, even while afflicted with the pre-existing heart ailment. In view of the record it would appear to us that a more exact appraisal of the aggravating factor resulting from the industrial injury, would not likely be accomplished by the taking of further testimony. Hampton v. Owen-Illinois Glass Co., Fla., 140 So.2d 868.
*568 The respondent further contends that the findings of the deputy in evaluating the conflicting medical testimony are inadequate in view of our holding in Andrews v. C.B.S. Division Inc., Fla., 118 So.2d 206. Although the findings could have been more elaborate in detail, they are adequate to meet the test of the cited decision. The deputy explained that he followed the testimony of two of the doctors because, in his view, they more nearly comported with logic and reason than did the testimony of two other doctors. In evaluating their opinions he considered all of the other elements revealed by the record and particularly gave weight, according to his findings, to the treating physician who had known the employee and who had treated him during the fatal attack.
In view of what we have said, the order of the Full Commission must be and it is hereby quashed. The cause is remanded with directions to reinstate the Order of the deputy and to allow attorneys' fees to the attorneys for the petitioner here for services rendered before the Full Commission.
It is so ordered.
DREW, C.J., and O'CONNELL and ERVIN, JJ., concur.
CALDWELL, J., dissents with opinion.
CALDWELL, Justice (dissenting):
I must dissent. The employee was a general workman who customarily, in addition to electrical work, performed heavy labor on industrial and commercial installations, bending heavy conduit, pulling and lifting coils of wire weighing as much as 100 pounds, lifting large switch panels, erecting and dismantling construction shacks. The evidence is that he routinely performed this heavy labor as a usual part of his work.
The claimant, 6 feet 2 inches tall, 210 pounds, described by his fellow employees as "strong as an ox and big as a bull," was 53 years of age. It strains credulity to hold this claim an exception to the Victor Wine rule. I cannot agree that the lifting of one 100 pound block and helping to lift 19 others was not routine. I am apprehensive the allowance of this illusory exception will, for practical usage, vitiate the sound rule laid down in the Victor Wine case.