WENTWORTH, Judge.
Appellants employer/servicing agent seek review of a workers’ compensation order finding the claimant suffered a heart attack in the course of and arising out of his employment, and awarding him compensation benefits, medical bills and attorney’s fees.
Appellants contend the appellee failed to prove his heart attack was caused by work activities that were not routine to his job. We affirm, finding that on the day of ap-pellee’s injury he performed work that was not routine to the job for which he was hired.
Appellee, a 58-year-old carpenter, suffered a myocardial infarction on June 26, 1984, while employed by appellant Wiggs Construction Co. Appellee testified he had worked 30 years as a carpenter, doing mostly light “trim” carpentry or supervising other workers. The job at Wiggs Construction in which he was employed at the time of his infarction was “do it all” carpentry, including “rough” carpentry normally assigned to younger men with greater physical strength and endurance. On the day of his injury, appellee was the upper-level man in a three-man team responsible for hoisting 4 by 8 foot plywood sheets weighing 75 pounds each up from the ground to the roof of a two-story building. He was required to grab the plywood sheets from a man standing below him, who, in turn, grabbed the sheets from another man on the ground.
Appellee testified that when the larger and heavier 4 by 8 foot sheets of plywood were used in a job, the lifting normally required two men. On that day, however, appellee stated, there were not enough workers to provide a second man to help him pull the plywood up to the roof. The day before, appellee’s first day on this job with Wiggs Construction, appellee and his coworkers had been hoisting the lighter 2 by 8 foot sheets of plywood onto a different section of the roof.
Appellee and a coworker testified that on the day of the injury, the weather was exceptionally hot and humid. Work began at 8 a.m., and after about three and one-half hours of hoisting plywood, appellee’s coworker climbed down to the ground to get water. Appellee followed him down, felt as though he were suffering from heat exhaustion, and then began to have chest pains. He was taken to a hospital emergency room, and was later diagnosed as having suffered a myocardial infarction.
The employer/servicing agent controverted appellee’s claim for compensation benefits and medical bills on the ground that the heart attack was not compensable.
In her order, the deputy commissioner found that, based on the holdings in Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581 (Fla.1962), and Ward v. Regency Bowling Products, IRC Order 2-2969 (May 18, 1976), cert. denied, 339 So.2d 1173 (Fla.1976), appellee’s heart attack was compen- *944 sable because his job entailed unusual physical strain and overexertion not routine to the trim carpentry work he had been accustomed to performing.
We find the claim compensable without reference to claimant’s work history prior to his employment as a “rough” carpenter at the time in question. A determination of the compensability of a heart attack caused by unusual strain or overexertion is “not ... predicated on the broad question of what was routine to the claimant; rather, that inquiry must necessarily be circumscribed by a consideration of what was routine to the job the claimant was accustomed to performing,” at the time of the claim. Skinner v. First Florida Building Corporation, 490 So.2d 1367 (Fla. 1st DCA 1986).
In this case, appellee had been working two days for Wiggs Construction in a general carpentry job. At the time of his infarction he had' hoisted large and heavy sheets of plywood that, according to the testimony, normally required two men to pull onto the roof.
That appellee in earlier employment was accustomed to performing only “trim” carpentry, as opposed to the more rigorous work which was routine to the job in which he was engaged at Wiggs Construction, should not be determinative of compensa-bility. As stated in Skinner, the crucial question is whether the work activities ap-pellee performed were routine to the job in which he was employed. In this case the excessive heat and humidity, combined with the hoisting by claimant alone of the sheets of plywood ordinarily requiring assistance, constituted an identifiable exertion not routine to the general carpentry job for which appellee was hired.
We find no merit in appellant’s argument with respect to causal relationship between appellee’s work exertion and his heart attack. Dr. Thomas Raymond, appellee’s treating physician, stated that, in his opinion, appellee on the day of his injury “was doing stressful exercise that he wasn’t used to. And this caused his occlusion.”
The order is affirmed.
BOOTH, C.J., and MILLS, J., concur.