WENTWORTH, Judge.
Claimant seeks review of a workers’ compensation order by which death benefit claims were denied upon a determination that the deceased employee’s heart attack was not compensable. We find that the strain to which the employee was subjected was routine to his employment, and we therefore affirm the order appealed.
Death benefits were sought for the spouse and two minor children of an employee who died of a heart attack on his first day of work for the employer. The employee had previously worked for another employer for 27 years, and then retired. After approximately one year of retirement the employee agreed to work for the employer involved in this claim. This new job was to be in a sales position, but when the employee was hired the store had not yet opened. During the days prior to the opening the various employees were engaged in preparing the store. Although such pre-opening activities would not be a part of the employee’s usual sales work after the store opened ten days later, the employee was expected to and agreed to perform these duties prior to the opening.
The employee sustained his fatal heart attack after working for several hours. *829 He had indicated that the physical activity was tiring, and evidence was presented that he had engaged in little physically strenuous activity since his retirement during the prior year.
In Victor Wine & Liquor Inc. v. Beasley, 141 So.2d 581 (Fla.1962), it was established that a heart attack may be compen-sable under chapter 440 when precipitated by work-connected exertion affecting a preexisting nondisabling condition “only if the employee was at the time subject to unusual strain or overexertion not routine to the type of work he was accustomed to performing.” This is a standard of legal causation requiring that the heart attack result, at least in part, from some specifically identifiable employment activity. See McCall v. Dick Burns, Inc., 408 So.2d 787 (Fla. 1st DCA 1982). When an employee commences new work duties by beginning a job after a period of unemployment, the relevant inquiry with regard to a heart attack is whether the precipitating work activity constitutes a strain or overexertion which would not be routine to the new job. See Skinner v. First Florida Building Inc., 490 So.2d 1367 (Fla. 1st DCA 1986).
The record supports the deputy’s conclusion that the employee’s heart attack in the present case was precipitated by activities which were routine to the work the employee was hired to perform. While these initial activities were to be of limited duration, lasting only until the opening of the store when the employee would thereafter be engaged in sales work, this durational limit does not render the activities any less routine. Claimant having failed to show that the employee was engaged in non-routine work activities producing an unusual strain or overexertion, the heart attack was not compensable and the claim for benefits was properly denied.
The order appealed is affirmed.
NIMMONS, J., concurs; ZEHMER, J., dissents w/o opinion.