WEBSTER, Judge.
In this workers’ compensation case, the employer and carrier seek review of an order awarding claimant benefits, including temporary and permanent total disability, on account of a heart attack which occurred in the course of claimant’s employment. We conclude that the finding of the judge of compensation claims regarding the length of claimant’s employment was erroneous, causing him to misapply the law in determining that, at the time of the heart attack, claimant was engaged in work involving exertion non-routine to his job. Accordingly, we reverse and remand for further proceedings.
At the time of the heart attack in question, claimant was 55 years old. He had worked as a carpenter for some twenty-seven years. He had had open heart surgery in 1980, and again in 1988. After the latter surgery, he had been released to return to work, with no restrictions.
Claimant was first hired by the employer in 1989 to do trim work in connection with the construction of a school in Jacksonville, where he lived. The building had already been erected, and he worked inside. He was provided a helper, and was able to work pretty much at his own pace. After approximately seven months, claimant was moved to another school project. Again, he worked inside doing trim work; and, again, he had a helper and was able to work pretty much at his own pace. When the second job had been completed, claimant left work. He was unemployed for approximately six months.
In June 1991, claimant applied for and was given a job with the employer at a project in Gainesville, which involved the construction of a large department store. Claimant knew when he accepted the job that it would require that he work outside in the sun; and that, in addition to normal trim work, he would be expected to install door frames. He recognized that his job duties would be different from those he had had on the prior two jobs. He had worked outside in the sun and heat many times during his career, and found nothing unusual about such a requirement. Similarly, he was familiar with the fact that projects such as that for. which he had been hired often experienced delays because of rain, and that it was necessary to work at an increased pace to try to catch up.
Claimant started working on the jobsite around July 8, 1991. For the first two weeks, the project had not progressed to a point where claimant was required to perform the work for which he had been hired. As a result, claimant did odd carpentry work, such as building porches and railings for the construction trailer. Although he worked in the sun, he was able to pace himself. It rained almost every day, causing the project to fall behind.
On Monday, July 22, 1991, claimant began the work he had been hired to do. He started working at about 7:00 a.m. setting a door frame. He was “[djoing what [he] was hired to do.” The weather was sunny, hot and humid. Although nobody had suggested that he do so, claimant was “rushing” because he knew that the project was behind schedule. As he was finishing the first door frame, claimant began to experience chest pain. He went and sat in the air-conditioned *993 construction trailer until he felt somewhat better. He knew that he had one more door frame to set that day. Although nobody suggested that he do so, claimant decided to attempt to set the last frame. However, just after he had begun to work on the last frame, he again experienced chest pain. He returned to the construction trailer and requested that he be taken to a hospital, where he learned that he had had a heart attack.
In Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581, 588-89 (Fla.1962), the court held:
When disabling heart attacks are involved and where such heart conditions are precipitated by work-connected exertion affecting a pre-existing non-disabling heart disease, said injuries are compensable only if the employee was at the time subject to unusual strain or over-exertion not routine to the type of work he was accustomed to performing.
Subsequently, in Yates v. Gabrio Electric Co., 167 So.2d 565, 567 (Fla.1964), the court elucidated as follows:
[I]n ascertaining whether a particular activity is non-routine, we must look to the duty performed by the employee himself, rather than by his fellow workers. Similarly, we should examine the work done by the employee as an entirety, rather than some isolated segment of his activities.
In attempting to apply what has come to be known as the Victor Wine test, the judge of compensation claims made the following finding:
Claimant ... began working for [the employer] in February, 1989. During the two and a half years that claimant worked for [the employer], his routine job activities entailed performing light trim work and installing hardware. During this time, he was able to work indoors at his own pace and was provided a helper to assist him to carry doors, lumber, and other heavy items with which he worked.
Based upon this finding, the judge of compensation claims concluded that the duties claimant was performing on the day of his heart attack involved “identified exertion ... non-routine to [claimant’s] job.” Yates, 167 So.2d at 567. Accordingly, he concluded, further, that the Victor Wine test had been satisfied, and that claimant was entitled to compensation.
As should be clear from our prior recitation of the relevant facts, there is no competent, substantial evidence to support that finding. It was undisputed that claimant had not worked for the employer continuously since 1989. Instead, claimant had been unemployed for approximately six months immediately preceding July 1991, when he began working for the employer on the Gainesville project, doing a job which, by claimant’s own admission, was different from those he had previously performed for the employer. This distinction is critical. Under such circumstances, the type of work that claimant had been accustomed to perform in previous jobs, whether for this employer or another, is irrelevant. See Wiggs Construction v. Knowles, 497 So.2d 942 (Fla. 1st DCA 1986). “When an employee commences new work duties by beginning a job after a period of unemployment, the relevant inquiry with regard to a heart attack is whether the precipitating work activity constitutes a strain or overexertion which would not be routine to the new job.” Daniels v. Office Mart Holding Corp., 548 So.2d 828, 829 (Fla. 1st DCA 1989) (citing Skinner v. First Florida Building Corp., 490 So.2d 1367 (Fla. 1st DCA 1986)) (emphasis added).
The erroneous finding regarding the length of claimant’s employment with the employer caused the judge of compensation claims to misapply the Victor Wine test. Accordingly, we are constrained to reverse, and to remand for further consideration of compensability, consistent with this opinion. The determination regarding compensability shall be based upon the present record.
REVERSED and REMANDED, with directions.
KAHN, J., concurs.
JOANOS, J., dissents with written opinion.