JOANOS, Judge,
dissenting.
I would affirm the order on appeal.
*994 My disagreement with the majority relates to the evidence supporting the order. My view is that there is competent and sufficient evidence supporting the order.
The eases regarding heart attacks analyze the situation differently depending on whether there is a history with the employer or whether the employee is new to the employment. See Walker v. Friendly Village of Brevard, 559 So.2d 258, 261 (Fla. 1st DCA 1990) at footnote 2, distinguishing Daniels v. Office Mart Holding Corp., 548 So.2d 828 (Fla. 1st DCA 1989). If there is a history, the analysis can be made with reference to what has transpired in the past. If the employment is new, the question has to do more with what is routine to the job that the claimant was hired to perform.
One of the questions in this case is whether the six month gap in claimant’s employment affects the determination of what were routine activities. The judge of compensation claims apparently did not consider the six month gap to constitute a severance of the employment relationship. While we have not been directed toward any cases involving a gap in employment with the same employer, my view is that the law would permit the judge to view this situation in that manner. In other words, he could have determined that the entire work record could be considered. When viewed in that way, the evidence presented is clearly susceptible to a determination that the work being done at the time of the heart attack was nonroutine when compared to previous work where he worked in the shade with a helper.
However, even if we disregard the type of work done in the past, this case should be affirmed. The evidence of excessive heat and humidity of that day, plus the unusually fast pace at which the claimant was working because they were behind on the job due to rain and because he thought he was holding up the briekmasons, amounted to nonroutine work activity.